CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN E. BOYD, | ) | |
| Plaintiff, | ) | Civil Action No. 7:10cv00556 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SGT. ANDERSON, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff, John E. Boyd, a Virginia inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to compensate him for work he performed in prison. The court finds that Boyd's allegations fail to rise to the level of a constitutional violation, and therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Boyd claims that from May 24, 2010 through June 11, 2010, he performed work as a "houseman" at Pocahontas State Correctional Center and that the defendants did not compensate him for this work. In response to his grievances, which Boyd submits as attachments to his complaint, prison officials state that Boyd was not assigned to work as a houseman during that time and, therefore, they will not compensate him.

## II.

Regardless of whether Boyd was assigned to work as a houseman, the court finds that his claim nevertheless fails. While Boyd's allegations relating to his wages may possibly raise issues cognizable in state court, these allegations are simply not actionable under § 1983. Accordingly, the court dismisses his claim.

A prisoner has no Constitutional right to a prison job and "no Constitutional right to compensation for such work; compensation for prison labor is 'by grace of the state.'" Vanskike v.

Peters, 974 F.2d 806, 809 (7th Cir. 1992) (quoting Sigler v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1968)). See also United States v. Kozminski, 487 U.S. 931, 943-944 (1988) (observing that requiring inmates to work without pay does not violate the Thirteenth Amendment's prohibition against involuntary servitude); Adams v. Neubauer, 195 F. App'x. 711, 713 (10th Cir. 2006). Because he has no Constitutional right to a job or wages, the court finds that Boyd's allegations fail to state a claim upon which relief may be granted.

## III.

For the reasons stated, the court dismisses Boyd's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This _15th_ day of December, 2010.

_____
United States District Judge